# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**KENNETH R. WILLIAMS (#104413)**                    **CIVIL ACTION**

**VERSUS**

**BURL CAIN, WARDEN**                              **NO. 12-0493-SDD-RLB**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State has filed a response in opposition to the petitioner's application. There is no need for oral argument or for an evidentiary hearing.

The petitioner, Kenneth R. Williams, challenges his conviction and sentence, entered in 2006 in the Twenty-third Judicial District Court for the Parish of Ascension, State of Louisiana, on one count of armed robbery. The petitioner contends that (1) he was denied due process because the Bill of Information charging him with the referenced offense was fatally defective inasmuch as it identified a commercial establishment as the victim whereas Louisiana law requires that an armed robbery victim be a person, and (2) he was provided with ineffective assistance of counsel when his attorney failed to challenge the defective Bill of Information, failed to call the petitioner as a witness at trial, and failed to "provide other evidence of prejudice."

## Factual Background

On the evening of March 20, 2004, according to the evidence adduced at trial, Millard Harris, the manager of the Burger Delight hamburger stand located in Gonzalez, Louisiana, was robbed at gunpoint as he walked to the cooler behind the building after closing for the night. Mr. Harris testified that the assailant placed a gun to his head and demanded money, and after Mr.

Harris complied, the assailant struck Mr. Harris on the head with the gun and ran into an adjacent wooded area. Both Mr. Harris and his wife described the area where the robbery took place as poorly lit and described the assailant as being a light-skinned black man wearing dark clothing, with a dark skull-cap type head-covering and with a blue or dark red bandanna covering his face. A police K-9 unit was called to the scene and tracked the assailant's scent to a nearby vehicle. A check of the vehicle's licence plate indicated that the vehicle was registered to the petitioner. In addition, as the K-9 team followed the assailant's scent, police officers discovered several discarded items, including a blue jumpsuit, a red bandanna and black "rag" or "do-rag" (with yellow markings), and a pack of Kool Filter King cigarettes. Upon learning that the petitioner was living with his then-girlfriend, Latasha Coleman, the police went to Ms. Coleman's apartment complex and found the petitioner hiding under a bed inside the apartment. A subsequent search of the apartment also uncovered approximately $600.00 in cash, a black "do-rag" type cap and another pack of Kool Filter King cigarettes. In addition, testimony was adduced from a police detective, Barry Tullier, that Ms. Coleman told the detective that she had received two telephone calls from the petitioner that evening, during the second of which the petitioner sounded out of breath and reportedly stated, "I messed up. I messed up. I'm in deep trouble. I need you to come pick me up." *See* Trial Record at p. 132.

<u>Procedural History</u>

Based upon the foregoing, the petitioner was charged, by Bill of Information filed in February, 2004, with one count of armed robbery and one count of aggravated battery. After a jury trial conducted in October, 2005, at which the prosecution pursued only the charged count of armed robbery, the petitioner was convicted in connection with that offense. Through his attorney, the petitioner made an oral motion for "judgment of acquittal notwithstanding the

verdict," which motion was denied. The petitioner was thereafter sentenced, on March 13, 2006, to serve ninety-nine (99) years in confinement, without the benefit of probation, parole or suspension of sentence.[1]

The petitioner appealed his conviction, asserting, through counsel, that (1) the Bill of Information was fatally defective for listing a commercial establishment instead of a person as the victim, (2) the sentence was excessive, and (3) he was provided with ineffective assistance of counsel when his trial attorney (a) failed to challenge the defective Bill of Information, (b) failed to allow the petitioner to testify at trial (c) failed to "provide other evidence of prejudice," (d) failed to object to the sentence, and (e) failed to file a motion to reconsider the sentence. In addition, the petitioner presented two supplemental *pro se* assignments of error, *i.e.*, (4) that his arrest without a warrant and the post-arrest search of his apartment were unconstitutional, and (5) that he was provided with ineffective assistance of counsel when his trial attorney failed to object to the warrant-less arrest and search. On May 4, 2007, the Louisiana Court of Appeal for the First Circuit affirmed the conviction and sentence. *See State v. Williams,* 2007 WL 1300847, 956 So.2d 852 (La. App. 1st Cir. 2007). In doing so, the appellate court specifically concluded that claims 3(b) and (c), above – that counsel was ineffective for failing to allow the petitioner to testify and failing to "provide other evidence of prejudice" – had been abandoned because they were not argued in the petitioner's memorandum, relying upon Rule 2-12.4 of the Louisiana Uniform Rules - Courts of Appeal. *See* 2007 WL 1300847 at *3 n. 6. In the alternative, the appellate court deferred consideration of these ineffective assistance claims, finding them to be more appropriately asserted in an application for post-conviction relief ("PCR"). *See id.* The

_____

1. The State also filed a supplemental Bill of Information, charging the petitioner as a multiple offender. Notwithstanding, no action was taken in connection with this additional charge.

petitioner thereafter sought supervisory review before the Louisiana Supreme Court, asserting the single claim that the First Circuit Court had erred in denying his claim of ineffective assistance of counsel based upon his attorney's failure to allow the petitioner to testify at trial. The Louisiana Supreme Court thereafter denied review, without comment, on December 14, 2007. *See State v. Williams,* 970 So.2d 531 (La. 2007).

The petitioner thereafter filed in the state trial court, on or about August 27, 2008,[2] a PCR application, wherein he asserted the claim that he was provided with ineffective assistance of counsel when his trial attorney (1) allowed hearsay evidence to be introduced through the testimony of Detective Barry Tullier regarding the actions of the K-9 tracking team, and (2) allowed Detective Tullier to provide opinion evidence regarding his conclusion that a person seen in a surveillance video earlier on the night of the offense was the petitioner. After an evidentiary hearing conducted on November 10, 2008, the trial court denied the petitioner's application. The petitioner thereafter sought further review in the Louisiana appellate courts and, on August 17, 2009, and June 29, 2012, respectively, the appellate courts denied such review, without comment. *See State ex rel. Williams v. State*, 92 So.3d 343 (La. 2012).

Finally, on or about August 13, 2012, the petitioner filed the instant application for habeas corpus relief in this Court.

---

2. Although the petitioner's *pro se* application for post-conviction relief was docketed as filed in the state trial court on August 30, 2008, the Court will apply the "mailbox rule" articulated in *Houston v. Lack*, 487 U.S. 266, 271 (1988), pursuant to which a *pro se* petitioner is deemed to have filed his habeas corpus pleadings on the date that he places them in the prison mailing system for transmission to the court and not on the date that the pleadings are ultimately docketed by the receiving court. Accordingly, inasmuch as the petitioner apparently signed his application on August 27, 2008, and presumably gave it to prison officials for filing on that date, the Court will utilize that date as the presumptive date of filing.

<u>Legal Analysis</u>

<u>Procedural Default As To The Petitioner's Claims</u>

Initially, the State asserts that certain aspects of the petitioner's ineffective assistance of counsel claim are subject to dismissal on the basis of exhaustion and procedural default. In this regard, the record reflects that in connection with his direct appeal, the petitioner included the claims asserted herein that he was provided with ineffective assistance of counsel because his trial attorney (1) failed to allow the petitioner to testify at trial, and (2) failed to "provide other evidence of prejudice." In addressing these claims, however, the Louisiana First Circuit Court of Appeals explicitly rejected same on procedural grounds, finding that "the defendant mentions them only in his ... assignment of error heading. He does not address them in his argument. As such, they are considered abandoned. *See* Uniform Rules – Courts of Appeal, Rule 2-12.4." *See State v. Williams*, *supra*, 2007 WL 1300847 at *3 n. 6. Moreover, the petitioner did not thereafter assert these specific claims before the Louisiana Supreme Court in his application for supervisory review in connection with that determination or include them in a subsequent post-conviction relief proceeding as suggested in the alternative by the intermediate appellate court. Accordingly, the last state court to address these claims clearly relied upon a state procedural rule in denying consideration thereof, and the claims have never been submitted to the state's highest court.

Pursuant to 28 U.S.C. § 2254(b) and (c), a claimant seeking federal habeas corpus relief is required to first exhaust his claims by presenting them for review before the courts of the state in which he is confined. The exhaustion requirement is satisfied only when a petitioner's claims have been presented to the state's highest court, either on direct review or on post-conviction attack. *Rose v. Lundy*, 455 U.S. 509, 522 (1982)*; Bufalino v. Reno,* 613 F.2d 568, 570 (5th Cir.

1980).  In addition, the petitioner must have "fairly presented" the substance of each federal

constitutional claim to the state courts in a "procedurally proper manner."  *Wilder v. Cockrell*,

274 F.3d 255, 259 (5th Cir. 2001).  Finally, when a claim is not presented to the state courts in a

"procedurally proper manner" and, as a result, a state court denies post-conviction review based

on a state procedural rule that is both independent of the federal question raised and adequate to

support the judgment, the federal court lacks jurisdiction to review the merits of the petitioner's

federal claim.  *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Moore v. Roberts*, 83 F.3d 699,

701 (5th Cir. 1996).  The independent and adequate state ground doctrine "applies to bar federal

habeas when a state court decline[s] to address a prisoner's federal claims because the prisoner

ha[s] failed to meet a state procedural requirement."  *Coleman v. Thompson, supra*, 501 U.S. at

729-730.  The basis for the application of this doctrine is grounded in concerns of comity and

federalism and is related to the requirement that a habeas petitioner first provide the state courts

with an opportunity to address and correct violations of a prisoner's federal rights:

> Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas
> petitioner who has failed to meet the States's procedural requirements for presenting his
> federal claims has deprived the state courts of an opportunity to address those claims in
> the first instance....  In the absence of the independent and adequate state ground doctrine
> in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement
> by defaulting their federal claims in state court.  The independent and adequate state
> ground doctrine ensures that the States' interest in correcting their own mistakes is
> respected in all federal habeas cases.

*Id.* at 731-32.

For the independent and adequate state ground doctrine to apply, the state court

adjudication of a habeas petitioner's claim must have been, as here, explicitly based on a state

procedural rule.  *Moore v. Roberts, supra*, 83 F.3d at 702.  Moreover, the doctrine applies even if

the state court reaches the merits of the claim in the alternative.  *See Harris v. Reed*, 489 U.S.

255, 264 n. 10 (1989); *Thacker v. Dretke*, 396 F.3d 607, 614 (5th Cir. 2005). "The procedural default doctrine presumes that the 'state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment.'" *Id., quoting Sones v. Harbett*, 61 F.3d 410, 416 (5th Cir. 1995). The petitioner can rebut this presumption only by establishing that the procedural rule is not "strictly or regularly followed" or, notwithstanding, by (1) demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law" or (2) demonstrating that "failure to consider the claims will result in a fundamental miscarriage of justice." *Id. See also Coleman v. Thompson, supra*, 501 U.S. at 750. The petitioner makes no attempt to address this cause and prejudice standard and no attempt to show that Uniform Rule 2-12.4 is not regularly followed by the Louisiana courts. Accordingly, the Court is precluded from consideration of the referenced claims. *See Granger v. Rader*, 2013 WL 5533139, *9 (E.D. La. Oct. 3, 2013) (dismissing federal habeas corpus application where the petitioner's ineffective assistance claims had been found to be abandoned in the intermediate appellate court pursuant to Louisiana Uniform Rule 2-12.4, and the petitioner did not thereafter assert the claims in a PCR application as suggested in the alternative by the appellate court).

Exhaustion Of State Court Remedies

In addition to the foregoing, the Court finds that a consideration of the petitioner's remaining claims is barred by reason of his failure to exhaust his state court remedies by properly presenting them for review before the courts of the state of Louisiana.[3] These claims

---

3. A district court may raise, *sua sponte*, the issue of a petitioner's failure to exhaust state court remedies, provided that notice and an opportunity to respond is afforded to the petitioner. *See Kurtzemann v. Quarterman*, 306 Fed. Appx. 205, 206 (5th Cir. 2009), *citing Day v. McDonough*, 547 U.S. 198, 209-10 (2006). The Court hereby advises the petitioner that this Report constitutes notice that this Court is *sua sponte* raising the issue of exhaustion. The Court further advises the petitioner that, in accordance with 28 U.S.C. § 636(b)(1), he has a period of fourteen (14) days from service of this Report to file written objections to the proposed findings

include his contentions that he was denied due process because the Bill of Information charging him with the referenced offense was fatally defective and that he was provided with ineffective assistance of counsel when his attorney failed to challenge the defective Bill of Information.

Without reaching the merits of the referenced claims, it is clear from a review of the petitioner's application and the state court record that he has not exhausted state court remedies by presenting them for review before the state's highest court. Specifically, whereas the petitioner asserted these claims in his direct appeal to the Louisiana Court of Appeals for the First Circuit, he did not reiterate these claims upon subsequent review before the Louisiana Supreme Court. Specifically, as previously noted, the only claim which the petitioner asserted in his application for supervisory review before the Supreme Court on direct appeal was that of his attorney's failure to call him to testify during the trial. Nor did the petitioner re-assert his claims regarding the alleged defective Bill of Information and the failure of his attorney to challenge the Bill of Information in his subsequent post-conviction review proceedings. Accordingly, these claims have never been properly presented to the state's highest court, either on direct review or on post-conviction attack. These claims, therefore, have not been exhausted in accordance with 28 U.S.C. § 2254.

A habeas petitioner who has failed to properly present his federal constitutional claims to the state courts is nonetheless considered to have "technically exhausted" his state remedies if the state courts are no longer available for a review of his claims because of a procedural bar. *See Busby v. Dretke*, 359 F.3d 708, 724 (5th Cir. 2004). Claims are considered to be "technically exhausted" when state relief is no longer procedurally available in connection with the claims,

---

of fact and conclusions of law herein, and he may submit any evidence or argument he may have concerning the exhaustion issue in connection with such written objections.

without regard to whether the claims were actually exhausted by presentation before the state courts. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991). In such instance, where a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,'" then the claim is technically exhausted and procedurally defaulted in the state court. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *quoting Coleman v. Thompson, supra*. In such instance, federal review of the claim is precluded unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998); *Nobles v. Johnson, supra,* 127 F.3d at 423 n. 33; *Williams v. Cain*, 125 F.3d 269, 276 (5th Cir. 1997).

In the instant case, the petitioner has clearly failed to exhaust the referenced claims through the Louisiana state courts. Specifically, he has never presented to the Louisiana Supreme Court, either on direct review or through post-conviction attack, the claims regarding the alleged defective Bill of Information and the alleged ineffectiveness of his attorney in failing to challenge the Bill of Information. Further, if the petitioner were to now assert these claims before the state courts in an application for post-conviction relief, the state courts would unquestionably reject consideration of same as procedurally barred in reliance upon either article 930.4 of the Louisiana Code of Criminal Procedure – which provides that "[a] successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application" – or article 930.8 thereof – which provides a two-year limitations period for the filing of post-conviction review applications. Both articles 930.4 and 930.8 have been found to be independent and adequate state grounds for rejecting consideration of post-

conviction relief claims, and the federal courts have relied upon these statutes in finding claims to be technically exhausted and procedurally defaulted. *See, e.g., Williams v. Department of Corrections,* 444 Fed. Appx. 833, 834 (5th Cir. 2011) (relying on La. Code Crim. P. art. 930.8); *Glover v. Cain,* 128 F.3d 900, 902 (5th Cir. 1997) (same); *Stevenson v. Cain,* 2006 WL 2850167, *15 (E.D. La., Oct. 4, 2006) (relying on La. Code Crim. P. art. 930.4); *McDonald v. Cain,* 2006 WL 2990071, *13 (W.D. La., Sept. 8, 2006) (relying on La. Code Crim. P. arts. 930.4 and 930.8). Thus, although the referenced claims may be considered to be technically exhausted in the state courts, notwithstanding that they were never properly presented before the Louisiana Supreme Court, they are also considered to be procedurally defaulted because they would now be subject to dismissal if asserted in the state courts.

As previously noted, a claim which is determined to be procedurally defaulted is not subject to federal habeas review unless the petitioner can demonstrate cause for the default and actual prejudice or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Jones v. Jones, supra,* 163 F.3d at 296. In the instant case, the petitioner has made no attempt to make the required showing. Accordingly, the referenced claims are subject to dismissal for this reason.[4]

---

4. The Court further finds that the petitioner's claims regarding the sufficiency of the Bill of Information and the alleged ineffectiveness of his trial attorney would be found to be without merit in any event. In this regard, the law is well-settled that a state indictment or bill of information is not a matter for federal habeas corpus relief unless the charging document was so defective that the convicting court had no jurisdiction and that, under no circumstances, could a valid state conviction result from the facts provable thereunder. *Alexander v. McCotter,* 775 F.2d 595, 598 (5th Cir. 1985). Such a determination is made by looking to the law of the state where the bill of information was issued. *Id.* In this regard, the Louisiana Code of Criminal Procedure provides that "[t]he indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." La. Code Crim. P. art. 464. In identifying the victim when an offense is committed against a person, the indictment "shall state the true name of the victim," but if the name is not known, "may describe him as far as possible." La. Code Crim. P. art. 473. The Official Comments to this article note that a primary

## Certificate Of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where the Court has rejected a petitioner's constitutional claims on

---

concern in identifying a victim is "protection of the defendant's constitutional right to be informed of the nature and cause of the accusation against him, ... adequate to support a plea of double jeopardy." In addition, the Comments note that this article "stresses 'identification,' rather than a mere naming of the victim," and a bill of particulars may be requested by either the defendant or by the trial court so as to provide "more specifically the nature and cause of the charge." La. Code Crim. P. art. 484.

In the instant case, the Bill of Information made reference to the date and place of the charged offense and the statutes that the petitioner was charged with having violated. Although the charging document described the victim as being "Burger Delight" instead of a person, the state court found, and this Court agrees, that the petitioner was adequately informed of the nature and cause of the accusation against him, particularly inasmuch as a subsequent pleading filed by the prosecution made reference to the petitioner "hav[ing] robbed Milliard [sic] Harris, owner and operator of Burger Delight at gunpoint." Accordingly, as found on direct appeal, "there was no surprise or lack of notice as to the identity of the individual allegedly robbed by the defendant." Accordingly, there was no jurisdictional deficiency in the Bill of Information. *See, e.g., State v. James,* 305 So.2d 514, 518 (La. 1974) (upholding a conviction based upon an indictment for robbery where the indictment identified the victim to be a commercial establishment rather than a person); *State v. Brown*, 71 So.3d 1069, 1075 (La. App. 5th Cir. 2011) (same); *State v. Darville*, 573 So. 2d 1155, 1157 (La. App. 5th Cir. 1991) (same); *State v. Cross*, 461 So.2d 1246, 1249 (La. App. 1st Cir. 1984) (same). Further, any challenge to the Bill of Information by the petitioner's attorney would have resulted, at most, in an amendment to the charging document so as to cure the noted deficiency, thereby achieving, if anything, a mere delay in the trial and resulting in no prejudice in fact to the petitioner. *See State v. James, supra,* 305 So.2d at 518 (noting that an objection prior to trial or at trial could have secured an amendment to the charging document). *See also Tarver v. Cain, 2007 WL 677171,* *10 (W.D. La. Feb. 2, 2007) (finding no prejudice resulting from an attorney's failure to challenge an indictment because the prosecution simply could have "amended the indictments to cure any alleged defects").

procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006) (emphasis in original). In the instant case, the Court finds that reasonable jurists would not debate the denial of the petitioner's § 2254 application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

<u>RECOMMENDATION</u>

It is recommended that the petitioner's application for habeas corpus relief be dismissed as barred by procedural default and by a failure to exhaust state court remedies. It is further recommended that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on May 2, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

KENNETH R. WILLIAMS (#104413)                    CIVIL ACTION

VERSUS

BURL CAIN, WARDEN                                NO. 12-0493-SDD-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 2, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**